J. S11004/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PHILLIP JOHN PEACE, | : | No. 196 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered December 9, 2014,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0004715-2004

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 15, 2016**

Phillip John Peace appeals, **pro se**, from the order of December 9, 2014, denying his petition for writ of **habeas corpus**, which the court properly treated as a serial PCRA[1] petition.[2]  We affirm.

In a prior memorandum, we set forth the procedural history of this matter as follows:

> Following a jury trial, [appellant] was convicted of two counts of criminal attempt to commit homicide, possessing instruments of crime, firearms not to be carried without a license, and recklessly endangering another person.[Footnote 1]   On

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] Appellant's petition for writ of **habeas corpus** is properly treated as a serial PCRA petition, since the PCRA is the sole means by which a defendant may obtain collateral relief and subsumes the remedy of **habeas corpus** with respect to remedies offered under the Post-Conviction Relief Act. 42 Pa.C.S.A. § 9542.

June 20, 2005, the trial court sentenced him to an aggregate term of incarceration of 156 months to 360 months.

[Footnote 1] 18 Pa.C.S.A. §§ 901, 907, 6106 and 2705, respectively.

[Appellant] filed post-sentence motions, which the trial court denied on October 20, 2005. He then filed a direct appeal challenging the sufficiency of the evidence. On July 11, 2006, this Court affirmed the judgment of sentence. [Appellant] then filed a *pro se* PCRA petition, and counsel was appointed to represent him. PCRA counsel filed an amended petition claiming appellate counsel was ineffective for failing to file a petition for allowance of appeal to our Supreme Court. Following an evidentiary hearing, [appellant] was granted leave to file a petition for appeal *nunc pro tunc*. That petition was denied, and on March 19, 2009, [appellant] filed another PCRA petition. Counsel was again appointed to represent him. On July 21, 2009, counsel filed an amended PCRA petition.

On August 4, 2009, the PCRA court gave notice of its intention to dismiss [appellant]'s PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. [Appellant] filed an objection. On September 14, 2009, the PCRA court dismissed the petition. [Appellant] appeals.

*Commonwealth v. Peace*, No. 2890 EDA 2009, unpublished memorandum at 1-2 (Pa.Super. filed July 26, 2010.) This court affirmed, and on January 25, 2011, the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Peace*, 16 A.3d 503 (Pa. 2011).

On October 9, 2014, appellant filed a petition for writ of *habeas corpus*, which was denied on December 9, 2014. A timely *pro se* notice of appeal was filed on December 29, 2014. Appellant complied with Pa.R.A.P.,

Rule 1925(b), 42 Pa.C.S.A., and the PCRA court has filed a Rule 1925(a) opinion.

Appellant has raised the following issues for this court's review:

1. DID THE LOWER COURT HAVE JURISDICTION, STATUTORY AND CONSTITUTIONAL AUTHORITY TO IMPOSE SENTENCES IN THIS CASE?

2. ARE THE DECISIONS IN ALLEYNE, NEWMAN, and HOPKINS RETROACTIVE IN THIS CASE?

3. UNDER PENNSYLVANIA STATUTE [SIC] LAW, AS FOUND UNCONSTITUTIONAL, IS A SENTENCE IMPOSED WHERE SUCH SENTENCE FACTUALLY APPLIES ILLEGAL REGARDLESS OF WHETHER THE COURT IMPOSED THE STATUTORY MANDATORY MINIMUM?

4. DID THE COURT SUSPEND THE WRIT OF HABEAS CORPUS?

5. DID THE PCRA COURT HAVE JURISDICTION TO GRANT APPELLANT PCRA DUE PROCESS AND RELIEF; BUT DENIED APPELLANT DUE PROCESS AND ACCESS TO COURT IN VIOLATION [OF] U.S. CONSTITUTION[AL] AMENDMENTS 1, 5, 6, 14?

Appellant's brief at 4.

The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Furthermore, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and

no purpose would be served by any further proceedings.

*Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa.Super. 2008),

*appeal denied*, 956 A.2d 433 (Pa. 2008), quoting *Commonwealth v.*

*Taylor*, 933 A.2d 1035, 1040 (Pa.Super. 2007) (citations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super. 2003); *Commonwealth v. Vega*, 754 A.2d 714, 717 (Pa.Super. 2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010).

> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and prove:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

***Id.*** at 1079-1080.

Instantly, the Supreme Court of Pennsylvania denied allowance of appeal on March 12, 2008. ***Commonwealth v. Peace***, No. 875 MAL 2007 (***per curiam***). Therefore, appellant's judgment of sentence became final for PCRA purposes on or about June 10, 2008, upon expiration of the time to file a petition for writ of ***certiorari*** with the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct. Rule 13, 28 U.S.C.A. (petition for writ of ***certiorari*** is deemed timely when it is filed within 90 days after denial of ***allocatur***). Appellant filed the current petition, his second, on

October 9, 2014, over six years later. Therefore, appellant's current PCRA petition is manifestly untimely on its face.

Appellant argues that his sentence was illegal in light of **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013), which held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Id.** at 2155. Challenges to the legality of the sentence are never waived. **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa.Super. 2005) (**en banc**), **appeal denied**, 917 A.2d 844 (Pa. 2007). This means that a court may entertain a challenge to the legality of the sentence, so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. **Id.**

Applying **Alleyne**, this court has held that certain mandatory minimum sentencing provisions are unconstitutional because they permit the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence standard. **See**, **e.g.**, **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (**en banc**), **appeal denied**, 121 A.3d 496 (Pa. 2015) (42 Pa.C.S. § 9712.1 (relating to drug offenses committed with firearms), does not pass constitutional muster under **Alleyne**); **Commonwealth v. Fennell**, 105 A.3d 13, 15 (Pa.Super. 2014), **appeal denied**, 121 A.3d 494 (Pa. 2015) (18 Pa.C.S.A. § 7508,

relating to mandatory minimum sentences for certain drug trafficking offenses, is unconstitutional in its entirety).

The PCRA court states that appellant was not sentenced pursuant to a mandatory minimum sentencing statute. (PCRA court opinion, 2/19/15 at 5.) However, even if he were, it is well settled that *Alleyne* does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014) (*Alleyne* does not satisfy the new retroactive constitutional right exception to the PCRA's one-year time bar, 42 Pa.C.S.A. § 9545(b)(1)(iii)). *Cf. Commonwealth v. Ruiz*, ___ A.3d ___, 2015 WL 9632089 (Pa.Super. filed December 30, 2015) (defendant was entitled to the benefit of *Alleyne* where he raised the claim in a timely PCRA petition and his judgment of sentence was still pending on direct review when *Alleyne* was handed down).

Therefore, appellant's petition was untimely, no exception to the jurisdictional one-year time bar applied, and the PCRA court did not err in dismissing it without a hearing.[3]

Order affirmed.

---

[3] Appellant raised several additional claims in his *habeas* petition and Rule 1925(b) statement, including that the trial court lacked jurisdiction and he was the victim of racial discrimination. Apparently, he has abandoned these claims on appeal, as they are not argued in his brief. At any rate, these are issues that could have been raised on direct appeal or in his first PCRA petition. (PCRA court opinion, 2/19/15 at 5.) Therefore, they are deemed waived. 42 Pa.C.S.A. § 9544(b).

J. S11004/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2016